IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| KEITH CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 1:17-cv-1361-LO-TCB |
| v. | ) | |
| | ) | |
| | ) | |
| FEDFINANCIAL FEDERAL CREDIT UNION | ) | |
| ("FedFinancial FCU") | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

The above-named Plaintiff, Keith Carroll, by counsel, states as his First Amended Complaint against Defendant FedFinancial Federal Credit Union ("FedFinancial FCU"), the following:

### I. JURISDICTION

1.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188 because Plaintiff's claims arise under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq*.

2.  FedFinancial FCU is subject to personal jurisdiction in this District and the Commonwealth of Virginia because FedFinancial FCU has sufficient minimum contacts with the Commonwealth of Virginia to be subject to personal jurisdiction in this District.  FedFinancial FCU and other out-of-state participants can be brought before this Court pursuant to Virginia's "long-arm" jurisdictional statute (Va. Code Ann. § 8.01-328.01) because it extends "to the extent permissible under the due process

clause." *English & Smith* v. *Metzger,* 901 F.2d 36, 38 (4th Cir. 1990).  FedFinancial FCU admits that it serves approximately 298 members who reside in the Commonwealth of Virginia (Dkt. No. 7-1 at 2), and claims to provide service to members and potential members who reside in the Washington D.C. metropolitan area, which includes portions of the Commonwealth of Virginia, specifically Alexandria, Virginia. (*See* https://www.fedfinancial.org/welcome-fedfinancial, lasted visited Jan. 30, 2018).

3.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(3) because FedFinancial FCU is subject to the Court's personal jurisdiction.  Venue is likewise proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff is a resident of this District and is eligible for FedFinancial FCU's field of membership in this District, and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## II.  THE PARTIES

4.  Plaintiff is an adult resident of this District.  Plaintiff is a resident of the Washington D.C. metropolitan area and is part of FedFinancial FCU's field of membership (defined below), and thus is eligible for its membership and services based on the location of his residence, and his more than twenty years of service to, and employment with, the federal government.  Plaintiff is permanently blind and uses a screen reader in order to access the internet and read website content.  Despite

2

several attempts to use and navigate FedFinancial FCU's website, www.fedfinancial.org, Plaintiff has been denied the full use and enjoyment of the facilities, services, privileges, advantages, and accommodations of fedfinancial.org as a result of accessibility barriers on fedfinancial.org. The access barriers on fedfinancial.org have caused a denial of Plaintiff's full and equal access multiple times. Similarly, the access barriers on fedfinancial.org have deterred Plaintiff from using FedFinancial FCU's online services, privileges, advantages, and accommodations and likewise visiting FedFinancial FCU's credit union location, shared branch locations and ATMs.

5. Plaintiff is informed and believes, and thereon alleges, that FedFinancial FCU is a federal credit union with its principal place of business located in Silver Spring, Maryland. FedFinancial FCU's credit union membership field extends to "All current and retired Federal Civilian Employees and contractors in the Washington, DC and Baltimore, MD metropolitan areas and their family members and housemates are eligible to join FedFinancial FCU." (https://www.fedfinancial.org/welcome-fedfinancial, last visited Jan. 30, 2018). Plaintiff is informed and believes, and thereon alleges, that FedFinancial FCU owns and operates a credit union location in Silver Spring, Maryland that is close in proximity to Plaintiff's residence and offers services to residents of Virginia in this District. The credit union location constitutes a place of public accommodation. FedFinancial FCU's location provides to the public important

3

goods and/or services, privileges, advantages, and accommodations. FedFinancial FCU also provides to the public the fedfinancial.org website. Fedfinancial.org provides access to FedFinancial FCU's array of services, privileges, advantages, and accommodations including, but not limited to, a branch locator for the FedFinancial FCU facility, shared branch locations, and ATMs so that a potential customer may determine from the website the closest location for them to visit, descriptions of its types of banking services and accounts, online banking and bills pay services, loan information and documents, location service hours, special offers, an "About" page so that users may determine FedFinancial FCU's services, privileges, advantages, and accommodations and qualifications for membership, and many other benefits related to FedFinancial FCU's facilities and services, privileges, advantages, and accommodations. The FedFinancial FCU facility is a public accommodations within the definition of Title III of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181(7). Based on the information, services, tools, and locators related to FedFinancial FCU's locations provided on FedFinancial FCU's website, fedfinancial.org is a service, privilege, advantage, and accommodation of the FedFinancial FCU facility. Additionally based thereon, fedfinancial.org is a service, privilege, advantage, and accommodation that is heavily integrated with its location.

6. At all times relevant to the Complaint, FedFinancial FCU was acting through its agents, servants and/or employees.

4

### III. FACTUAL BACKGROUND

### <u>Applicability of the ADA to Commercial Websites</u>

7.   The Internet has become a significant source of information, a portal and tool for conducting business, and a means for doing everyday activities such as shopping, banking, etc. for both the sighted and blind, and/or visually-impaired persons.

8.   Blind individuals may access websites by using keyboards in conjunction with screen-reading software that vocalizes visual information on a computer screen. Screen access software provides the only method by which a blind person may independently access the internet.  Unless websites are designed to be read by screen reading software, blind persons are unable to fully access websites and the information, products and services, privileges, advantages, and accommodations contained thereon.

9.   The international website standards organization, W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0").  WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired people.  These guidelines are successfully followed by numerous large business entities to ensure their websites are accessible.  These guidelines recommend several basic components for ensuring websites are accessible including, but not limited to:  adding invisible alternative text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible; and adding headings so that blind people can easily navigate websites. Without these very basic components, a website will be inaccessible to a blind or visually-impaired person

5

using a screen reader.

10. Within this context, numerous federal courts have recognized the viability of ADA claims against commercial website owners/operators with regard to the accessibility of such websites. *See, e.g.*, *Robles v. Yum! Brands, Inc.*, Case No 2:16-cv-08211-ODW(SS), 2018 WL 566781, at *8 (C.D. Cal. Jan. 24, 2018) (denying defendant's motion for summary judgment), *Rios v. New York & Co., Inc.*, No. 2:17-cv-04676-ODW(AGRx), 2017 WL 5564530, at *7 (C.D. Cal. Nov. 16, 2017) (denying defendant's motion for judgment on the pleadings); *Access Now, Inc. v. Blue Apron, LLC*, No. 17-cv-116-JL, 2017 WL 5186354, at *11 (D.N.H. Nov. 8, 2017) (Laplante, C.J.) (denying motion to dismiss; *Haynes v. Interbond Corp. of America*, No. 17-CIV-61074-DIMITROULEAS/SNOW, 2017 WL 4863085, at *2 (S.D. Fla. Oct. 16, 2017) (holding that a blind ADA plaintiff had constitutional standing to sue to obtain injunctive relief in federal district court despite his status as a tester); *Gorecki v. Dave & Buster's Inc.*, No. 2:17-cv-01138-PSG-AGR, 2017 WL 6371367, at *6 (C.D. Cal. Oct. 10, 2017) (denying defendant's motion for summary judgment); *Reed v. CVS Pharmacy, Inc.*, No. 17-cv-03877-MWF-SK, 2017 WL 4457508, at *6 (C.D. Cal. Oct. 3, 2017) (denying motion to dismiss); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381,  404 (E.D.N.Y. 2017) (Weinstein, J.) (denying motion to dismiss); *Thurston v. Chino Commercial Bank, N.A.*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *5 (C.D. Cal. July 27, 2017) (citing *Gorecki*); *Markett v. Five Guys Enterprises LLC*, No. 1:17-cv-00788-KBF, 2017 WL 5054568, at *2-*3 (S.D.N.Y. July 21, 2017) (denying motion to dismiss); *Gorecki v. Hobby Lobby Stores, Inc.*, No. 2:17-cv-01131-JFW-SK,

6

2017 WL 2957736 (C.D. Cal. June 15, 2017) (Walter, J.) (denying a motion to dismiss sought against ADA and California's Unruh Civil Rights Act claims) ("[T]his is a relatively straightforward claim that Hobby Lobby failed to provide disabled individuals full and equal enjoyment of goods and services . . . by not maintaining a fully accessible website.  There is nothing unique about this case, as federal courts have resolved effective communication claims under the ADA in a wide variety of contexts-- including cases involving allegations of unequal access to goods, benefits and services provided through websites."); *Gil v. Winn-Dixie Stores, Inc.*,  257 F. Supp. 3d 1340, 1349  (S.D. Fla. 2017) (finding that the defendant, a large supermarket chain, had violated the plaintiff's rights under the ADA by failing to maintain an accessible website after a non-jury trial); *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*, 251 F. Supp. 3d 908 (W.D. Pa. Apr. 21, 2017) (denying a motion to dismiss an ADA claim alleging an inaccessible commercial website); *OmahaSteaks.com, Inc. v. Access Now, Inc., et al.*, No. 8:17-cv-00060-LSC-CRZ [ECF #9-1] (D. Neb. Apr. 17, 2017) (consent decree); *Access Now, Inc., et al. v. Omahasteaks.com, Inc.*, Nos. 2:16-cv-01898-AJS (Lead Case), 2:17-cv-00269-AJS (Member Case) [ECF #99] (W.D. Pa. Apr. 11, 2017 (same); *Gil v. Winn-Dixie Stores, Inc.*, 242 F. Supp. 3d 1315 (S.D. Fla. 2017) (denying a motion for judgment on the pleadings sought against an ADA claim alleging an inaccessible commercial website); *Nat'l Ass'n of the Deaf v. Harvard Univ.*, Case 3:15-cv-30023-MGM, 2016 WL 3561622, at *12-*20 (D. Mass. Feb. 9, 2016) (Robertson, Mag. J.) (recommending the denial of a motion to dismiss or stay predicated on the primary jurisdiction doctrine), *adopted in Nat'l Ass'n of the Deaf v. Harvard Univ.*,

Case 3:15-cv-30023-MGM, 2016 WL 6540446, at *1-*3 (D. Mass. Nov. 3, 2016) (Mastroianni, J.); *Nat'l Ass'n of the Deaf v. Massachusetts Inst. of Tech.*, Case 3:15- cv-30024-MGM, 2016 WL 3561631, at *1 (D. Mass. Feb. 9, 2016) (Robertson, Mag. J.)(recommending the denial of a motion to dismiss or stay predicated on the primary jurisdiction doctrine), *adopted in Nat'l Ass'n of the Deaf v. Massachusetts Inst. of Tech.*, Case 3:15-cv-30024-MGM, 2016 WL 6652471, at *1 (D. Mass. Nov. 4, 2016) (Mastroianni, J.); *Edward Davis v. Orlando Wilshire Investments Ltd., et al.*, No. 5:15-cv-01738-MWF-KK, slip op. at 10 [ECF #17] (C.D. Cal. Nov. 2, 2015) (Fitzgerald, J.) (denying motion to dismiss in a website accessibility case) ("the Court concludes that the Complaint sufficiently alleges that the inaccessibility of the Website impedes the full and equal enjoyment of the Hotel."); *Nat'l Fed'n of the Blind v. Scribd, Inc.,* 98 F. Supp.3d 565, 576 (D. Vt. 2015) (denying a motion to dismiss an ADA claim against a commercial website operator); *James Patrick Brown v. BPS Direct, LLC, et al.*, Case No. LACV 14-04622 JAK (JEMx) slip op. at 4-7 [ECF #30] (C.D. Cal. Oct. 6, 2014) (Krondstadt, J.) (denying the defendant's motion to dismiss while relying on the *Target* decision as "persuasive", and holding "the Complaint does allege that Bass Pro Shops is a chain of brick-and-mortar stores and that BassPro.com is a website providing information about Bass Pro Shops products, offers, and locations.... [and that] a nexus could be established here through discovery."); *Penney v. Kohl's Dep't Stores, Inc., et al.*, No. 8:14-cv-01100-CJC-DFM [ECF #12] slip op. at 3 (C.D. Cal. Sept. 23, 2014) (Carney, J.) (denying a motion to dismiss and stating, "Thus, the Complaint states plausible facts that establish the requisite nexus between the challenged service

and the place of public accommodation."); *National Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196, 200 (D. Mass. 2012) (excluding web-based services would "run afoul of the purposes of the ADA and would severely frustrate Congress's intent that individuals with disabilities fully enjoy the goods, services, privileges, and advantages available indiscriminately to other members of the general public"); *id.* at 200-01 ("[T]he legislative history of the ADA makes clear that Congress intended the ADA to adapt to changes in technology.") (quoting H.R. Rep. 101-485(II), at 108 (1990)) ("[T]he Committee intends that the types of accommodation and services provided to individuals with disabilities, under all of the titles of this bill, should keep pace with the rapidly changing technology of the times."); *Shields v. Walt Disney Parks and Resorts US, Inc.*, 279 F.R.D. 529, 559 (C.D. Cal. 2011) (rejecting as "unpersuasive" Disney's argument that "there is no accepted accessibility standard" and the argument that the DOJ has yet to determine what standards to apply to websites and stating, "The lack of a widely accepted standard for website accessibility does not preclude injunctive relief that would improve access to Defendants' websites by the visually impaired."); *Nat'l Federation of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) ("To limit the ADA to discrimination in the provision of services occurring on the premises of a public accommodation would contradict the plain language of the statute."); *id.* at 953-54 ("consistent with the plain language of the statute, no court has held that under the nexus theory a plaintiff has a cognizable claim only if the challenged service prevents physical access to a public accommodation.  Further, it is clear that the purpose of the statute is broader than mere physical access—seeking to bar actions

9

or omissions which impair a disabled person's "full enjoyment" of services or goods of a covered accommodation. 42 U.S.C. § 12182(a). Indeed, the statute expressly states that the denial of equal "participation" or the provision of "separate benefit[s]" are actionable under Title III. *See* 42 U.S.C. § 12182(b)(1)(A)."); *cf. Hindel v. Husted*, No. 2017 WL 432839, at *7 (S.D. Ohio Feb. 1, 2017) (granting a motion for preliminary injunction against the Ohio Secretary of State based on the accessibility of the state's website under Title II of the ADA and requiring conformance with WCAG 2.0 Level A and AA Success Criteria).

### FedFinancial FCU's Field Of Membership

11. FedFinancial FCU is a credit union with a specific membership field, or eligibility for membership and use of its banking and related services. FedFinancial FCU limits its membership, and thus eligibility for its banking services, to "federal employees and their families." (https://www.fedfinancial.org/, last visited Jan. 30, 2018). Specifically, FedFinancial FCU defines its membership field as, "All current and retired Federal Civilian Employees and contractors in the Washington, DC and Baltimore, MD metropolitan areas and their family members and housemates are eligible to join FedFinancial FCU." (https://www.fedfinancial.org/welcome-fedfinancial, last visited Jan. 30, 2018).

12. Based on Plaintiff's residence in the Washington D.C. metropolitan area and his more than twenty years of service to, and employment with, the federal government, Plaintiff is within FedFinancial FCU's defined field of membership and is eligible to join and take advantage of, FedFinancial FCU's services privileges, advantages, and

accommodations both on the FedFinancial FCU website, and at its physical place of public accommodation.

### The Inaccessibility of FedFinancial FCU's Website to the Visually-Impaired

13. FedFinancial FCU offers the commercial website, fedfinancial.org, which provides, as set forth above, a breadth of information concerning the FedFinancial FCU location it operates, information and descriptions of its amenities and services, privileges, advantages, and accommodations, and allows users to find the location for them to visit.

14. Based on information and belief, it is FedFinancial FCU's policy and practice to deny blind users, including Plaintiff, equal enjoyment of and access to fedfinancial.org. Due to FedFinancial FCU's failure and refusal to remove access barriers on fedfinancial.org, Plaintiff and other blind and visually impaired individuals have been denied equal enjoyment of and access to the FedFinancial FCU location and to the other services, advantages, privileges, and accommodations offered to the public through fedfinancial.org.

15. FedFinancial FCU denies blind individuals equal enjoyment of and access to the services, privileges, advantages, and accommodations and information made available through fedfinancial.org by preventing them from freely navigating fedfinancial.org. Fedfinancial.org contains access barriers that prevented free and full use by Plaintiff and other blind persons using screen reading software.

16. Fedfinancial.org's barriers are pervasive and include, but are not limited to, the

11

following: (1) Linked image missing alternative text which presents a problem because an image without alternative text results in an empty link.  Alternative Text is invisible code embedded beneath a graphical image on a website. Web accessibility requires that Alternative Text be coded with each picture so that a screen reader can speak the Alternative Text where a sighted user sees pictures.  Alternative Text does not change the visual presentation, but instead a text box will pop-up when the mouse moves over the picture.  The lack of Alternative Text on these graphics prevents screen readers from accurately vocalizing a description of the graphics.  As a result, visually-impaired FedFinancial FCU customers are unable to determine what is on the website, browse the site, look for the FedFinancial FCU location, check out FedFinancial FCU's amenities, and/or determine whether to visit the location; (2) Redundant Links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen reader users; and (3) Empty or missing form labels which presented a problem because if a form control does not have a properly associated text label, the function or purpose of that form control may not be presented to screen reader users. Form labels provide visible descriptions and larger clickable targets for form controls.

17. Due to the inaccessibility of fedfinancial.org, blind and otherwise visually impaired customers who use screen readers are hindered from effectively browsing for FedFinancial FCU's location, amenities and services, privileges, advantages, and accommodations that exist online unlike sighted users.  If fedfinancial.org were accessible, Plaintiff would independently and privately investigate FedFinancial FCU's

12

services, privileges, advantages, and accommodations and amenities, and find the location to visit via FedFinancial FCU's website as sighted individuals can and do.

18. Despite several attempts to use fedfinancial.org in recent months, the numerous access barriers contained on FedFinancial FCU's website have denied Plaintiff's full and equal access, and deterred Plaintiff on a regular basis from accessing FedFinancial FCU's website.   Similarly, based on the numerous access barriers contained on fedfinancial.org, Plaintiff has been deterred from visiting FedFinancial FCU's physical location that Plaintiff would have located and visited by using fedfinancial.org.

## Cause of Action: Violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

19. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

20. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides:  "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

21. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would

13

fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii). "The term 'auxiliary aids and services' **includes [] screen reader software**." 28 C.F.R. § 36.303(b)(2) (emphasis added).

22. FedFinancial FCU's location is a "public accommodation" within the meaning of 42 U.S.C. § 12181 *et seq*. FedFinancial FCU generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in Virginia through its nearby location and related services,

14

privileges, advantages, and accommodations and fedfinancial.org.  Fedfinancial.org is a service, privilege, advantage, and accommodation provided by FedFinancial FCU that is inaccessible to patrons, members, and potential members who are visually-impaired like Plaintiff.  This inaccessibility denies visually-impaired patrons full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that FedFinancial FCU made available to the non-disabled public through its website.  FedFinancial FCU is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, in that FedFinancial FCU denies visually-impaired customers the services, privileges, advantages, and accommodations provided by fedfinancial.org and connected to its places of public accommodation.  These violations are ongoing.

23. FedFinancial FCU's actions constitute discrimination against Plaintiff on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* in that:  FedFinancial FCU has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

24. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

WHEREFORE, Plaintiff prays for judgment against Defendant FedFinancial Federal Credit Union for preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), further equitable relief, and for costs and attorneys' fees,

and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,


/s/ Thomas Strelka
Thomas E. Strelka, VA Bar No. 75488
L. Leigh R. Strelka, VA Bar No. 73355
STRELKA LAW OFFICE, PC
119 Norfolk Avenue, SW,
Warehouse Row, Suite 330
Roanoke, Virginia 24011
Phone: (540) 283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com

Scott J. Ferrell, Esq.
Victoria Knowles, Esq.
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Phone: (949) 706-6464
Fax: (949) 706-6469
sferrell@pacifictrialattorneys.com
vknowles@pacifictrialattorneys.com

*Counsel for Plaintiff*

16

**CERTIFICATE OF SERVICE**

On this 31st day of January, 2018, I, the undersigned, hereby certify that I filed the foregoing via the Court's CM/ECF system.   The CM/ECF system contemporaneously transmitted a Notice of Filing (NEF) to the following:

Matthew A. Ranck, Esq.
Decaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
17251 Melford Boulevard
Suite 200
Bowie, Maryland 20715
(301) 252-4950
mranck@decarodoran.com

*Counsel for Defendant*

<u>/s/ Thomas Strelka</u>

17